CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
October 02, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANIEL TAYLOR,<br>    Plaintiff,<br><br>v.<br><br>LEEDY,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 7:24-cv-00667<br><br>By: Elizabeth K. Dillon<br>Chief United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Daniel Taylor, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl, Dkt. No. 1.) He has not paid the filing fee but has sought leave to proceed *in forma pauperis*.

Based on court records, it is clear that at least three of Taylor's previous actions or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Put differently, he has at least three prior "strikes" under 28 U.S.C. § 1915(g). Because of this, even if he could prove his indigence, Taylor may not proceed with this case unless he either prepays the entire filing fee—which he has not done—or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). His complaint, however, fails to allege any imminent danger of serious physical injury. For this reason, discussed in more detail herein, the court will dismiss the complaint in its entirety.

Taylor's complaint states that he was subjected to "excessive force because an officer shot me for no reason" and "creating risk to inmate safety when K9 officer failed to control K9 dog properly." Taylor's complaint does not contain any allegations to support a conclusion that he is in imminent danger of serious physical injury. For the "imminent danger" exception of

---

[1] The cases are *Taylor v. Ely*, 7:20-cv-446 (W.D. Va. Sept. 30, 2020), *Taylor v. Fleming*, 7:17-cv-99 (W.D. Va. Nov. 13, 2020), and *Taylor v. Manis*, 7:20-cv-121 (W.D. Va. Feb. 11, 2021).

§ 1915(g) to apply, "an inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)).  The "imminent danger" must "exist contemporaneously when the action is filed," *Hall v. United States*, 44 F.4th 218, 224 (4th Cir. 2022), as "Congress intended that a three-strikes prisoner have opportunity to ask the court for its aid in addressing a danger that is close at hand, not a past infraction."  *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020); *see also Johnson*, 200 F. App'x at 272 (explaining that the imminent danger exception focuses on the possibility of "continuing or future injury, not whether the inmate deserves a remedy for past misconduct").  Taylor has not alleged an ongoing or contemporaneous threat of serious physical injury.  He has alleged only past injuries and misconduct, which is not sufficient to meet the applicable standard.

      As Taylor has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury," the court will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(g).  An appropriate order will be entered.

      Entered: October 2, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge